LAW OFFICE OF FRANK SORRENTINO
FRANK SORRENTINO, ESQ.
Nevada Bar No. 000421
ANTHONY V. SORRENTINO, ESQ.                    **E-filed: 08-07-2009**
Nevada Bar No. 000420
1118 E. Carson Ave.
Las Vegas, Nevada   89101
E-Mail: carson@franksorrentino.com
(702) 384-6824
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | BK-S-08-25456-LBR |
| ) | Chapter 13 |
| **RODOLFO L. RIVERA and** ) | Trustee: Kathleen A. Leavitt |
| **LINDA T. RIVERA** ) | |
| ) | |
| Debtors. ) | Date:  September 10, 2009 |
| _____) | Time:  3:30 p.m. |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF
EMC MORTGAGE CORP. (ACCOUNT ENDING IN 1020)
PURSUANT TO 11 U.S.C. §506(a) AND §1322**

Debtors, RODOLFO L. RIVERA and LINDA T. RIVERA, by and through their

attorney, the LAW OFFICE OF FRANK SORRENTINO, hereby move this Court for its

Order valuing collateral and modifying the rights of EMC MORTGAGE CORP. (account

ending in 1020), pursuant to 11 U.S.C. §506(a) and §1322, and Bankruptcy Rules 3012

and 9014.  In furtherance of this motion, Debtors state as follows:

1.     Debtors filed a Chapter 7 bankruptcy case, case number 08-25456-LBR, on

December 24, 2008.  Said case was converted to Chapter 13 on May 18, 2009.

2.     On the petition date and date of conversion, Debtors owned real property

located at 2416 Ozark Plateau Dr., Henderson, NV  89044 (hereinafter the "Property").

3.     The value of the Property was $338,148.00 as of the petition date.  An

appraisal, performed by George Paolucci on March 25, 2009, determined that the current

appraised value of said property is actually $288,000.00.  (Copy of appraisal is attached

hereto as Exhibit "A").

4.     As of the petition date, the Property was encumbered by a First Trust Deed

1 in favor of EMC MORTGAGE CORP., securing a note with a principal balance of

2 $340,504.00.

3     5.     As of the petition date, no equity existed in the Property above the claim of

4 EMC MORTGAGE CORP. with respect to the First Trust Deed.

5     6.     EMC MORTGAGE CORP. holds a Second Trust Deed (account ending in

6 1020) securing a note with a principal balance of $42,563.00.  This Second Trust Deed

7 was wholly unsecured on the petition date and if the Property were to be sold at auction,

8 EMC MORTGAGE CORP. (account ending in 1020), would receive nothing with respect

9 to the Second Trust Deed.  This Second Trust Deed was recorded in the Office of the Clark

10 County Recorder as instrument 20080602-01276 on June 2, 2008.

11     7.     The Debtors therefore take the position that EMC MORTGAGE CORP.'s note

12 (account ending in 1020) secured by Second Trust Deed is unsecured and should be

13 reclassified as a general unsecured claim to receive pro rata with other general unsecured

14 creditors through the Debtors' Chapter 13 Plan.

15

16 **LEGAL ARGUMENT**

17 In *In re Zimmer,* 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly

18 unsecured lien holder's claim can be modified and reclassified as a general unsecured

19 claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2).

20 Specifically, the Court held:

21     Section 506(a) divides creditors' claims into "secured...claims"
and "unsecured claims."  Although the conventional

22 interpretation of "secured" might include any claim in which the
creditor has a security interest in the Debtor's property,

23 §506(a) makes clear that the status of a claim depends on the
valuation of the property.  An allowed claim of a creditor

24 secured by a lien on property in which the estate has an
interest ... is a secured claim to the extend of the value of such

25 creditor's interest in the estate's interest in such property ...
and is an unsecured claim to the extent that the value of such

26 creditor's interest ... is less than the amount of such allowed
claim.

27

28 ...

    To put it more simply, a claim such as a mortgage is not a
"secured claim" to the extent that it exceeds the value of the

1
2
3
4
5

property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that EMC MORTGAGE CORP. (account ending in 1020) for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

6   Since EMC MORTGAGE CORP.'s Second Trust Deed (account ending in 1020) is

7 wholly unsecured (in that there is no equity above the first mortgage in the Property), this

8 Court should reclassify EMC MORTGAGE CORP.'s second mortgage (account ending in

9 1020) claim to a general unsecured claim to receive pro rata with like unsecured creditors.

10 EMC MORTGAGE CORP. (account ending in 1020), should also be stripped of its secured

11 rights under State law and the recorded Second Trust Deed should be expunged from the

12 county records to give effect to this Court's order.

13   Moreover, Debtors may bring a motion to "strip off" EMC MORTGAGE CORP.'s

14 Second Trust Deed (account ending in 1020) and are not required to file an adversary

15 proceeding.  See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R.

16 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re*

17 *King*, 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R. 90

18 (Bankr.D.Idaho2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360

19 (Bankr.M.D.Pa.2003), *In re Hill*, 304 B.R. 800 (Bankr.S.D.Ohio2003); *In re Sadala*, 294

20 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re*

21 *Robert*, 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett*, 312 B.R. 843

22 (Bankr.W.D.KY.2004).

23   WHEREFORE, Debtors pray that this Court:

24   1.   Find that EMC MORTGAGE CORP. (account ending in 1020), is not a holder

25 of a lien on the Property with respect to the Second Trust Deed.

26   2.   Immediately avoid, "strip off," extinguish and expunge from the County

27 Recorder EMC MORTGAGE CORP.'s wholly unsecured Second Trust Deed (account

28 ending in 1020) from the Property pursuant to 11 U.S.C. Section 506(a);

...

1       3.      Reclassify EMC MORTGAGE CORP.'s claim (account ending in 1020) as a

2  general unsecured claim to be paid pro rata with other general unsecured creditors through

3  the Debtors' Chapter 13 Plan; and

4       4.      Such other relief the Court finds appropriate.

5       DATED this 7th day of August, 2009.

6                      Respectfully submitted:

7                      LAW OFFICE OF FRANK SORRENTINO

8                          /s/ Frank Sorrentino

                  By: _____

9                      FRANK SORRENTINO, ESQ.

                      Nevada Bar #04040

10                     1118 E. Carson Ave.

                      Las Vegas, NV  89101

11                     Attorney for Debtors

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28